UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENPAC, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CHASSIDY F. LUCAS, et al.,<br><br>        Defendants. | CASE NO. C11-0037BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT OR TO STRIKE |

This matter comes before the Court on Plaintiff Enpac, LLC's ("Enpac") motion for more definite statement or to strike. Dkt. 17. The Court has considered the pleadings filed in support of the motion, Defendants' untimely response to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On January 7, 2011, Enpac filed the complaint in this action seeking a declaratory judgment of non-infringement by the Storm Sentinel brand adjustable catch basin inserts sold by Enpac of U.S. Pat. No. 7,771,591 ("the '591 patent"), which was issued to Defendants, and of invalidity and/or unenforceability of the '591 patent, as well as alleging a claim for violations of the Lanham Act. Dkt. 1. Also on January 7, 2011, Enpac filed its motion for preliminary injunction. Dkt. 2. Enpac served Defendants with copies of the summons, complaint, and motion for preliminary injunction on January 10, 2011. Dkts. 8 & 9. Defendants did not file an answer to the complaint and on February 4, 2011, Enpac filed a motion for default, which the clerk entered on February 7, 2011. Defendants also failed to respond to the motion for preliminary injunction and the Court granted the motion on February 8, 2011.

ORDER - 1

On February 4, 2011, Defendants filed a document titled as a complaint for declaratory judgment of patent infringement, patent invalidity and Lanham Act violations against Enpac and an individual by the name of Timothy D. Reed ("the Document"). Dkt. 15. On February 11, 2011, Enpac filed a motion for more definite statement or to strike in response to the Document. Dkt. 17. On March 4, 2011, Defendants filed a response to the motion (Dkt. 22) and on March 8, 2011, Defendants filed an additional response (Dkt. 23).

Having reviewed the Document, Enpac's motion filed in response to the Document, and Defendants' responses to the motions, the Court concludes that requiring a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure would be an inappropriate form of relief. Rather, the Court concludes that the Document should be stricken as it does not comport with the Federal Rules of Civil Procedure and because the Court is not able to understand what it is the Defendants wish to accomplish by filing the Document. If Defendants intended the Document to be an answer to Enpac's complaint and wish to assert counterclaims against Enpac, they must do so in compliance with the Federal Rules of Civil Procedure. In addition, because default has been entered in this action, before Defendants may file an answer and counterclaims, they must file a motion to set aside the default and show good cause why the Court should grant such relief. *See* Fed. R. Civ. P. 55(c).

Therefore, the Court hereby **ORDERS** that Enpac's motion for more definite statement or to strike (Dkt. 17) is **GRANTED** to the extent that the Document (Dkt. 15) is **STRICKEN**.

DATED this 31st day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge