1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   ENPAC, LLC,

11                              Plaintiff,                    CASE NO. C11-37BHS

12            v.

13   CHASSIDY F. LUCAS; and CB                       ORDER GRANTING
     STORMWATER LLC, d/b/a Storm Water                DEFENDANTS' MOTION TO
14   LLC,                                             SET ASIDE DEFAULT AND
                                                      DENYING PLAINTIFF'S
15                              Defendants.            MOTION FOR JUDGMENT
                                                      BY DEFAULT
16

17          This matter comes before the Court on the motion of Defendants Chassidy F.

18   Lucas ("Lucas") and CB Stormwater LLC ("Stormwater") (collectively "Defendants") to

19   set aside default (Dkt. 30) and on Plaintiff Enpac, LLC's ("Enpac") motion for judgment

20   by default. Dkt. 33. The Court has reviewed the briefs filed in support of and in

21   opposition to the motions and the remainder of the file and hereby grants the motion to set

22   aside default as to Lucas, denies Enpac's motion as to Lucas and renotes Enpac's motion

23   as to Stormwater for the reasons stated herein.

24
                                  **I.  PROCEDURAL HISTORY**
25

26          On January 7, 2011, Enpac filed the complaint in this action seeking a declaratory

27   judgment of non-infringement, by Enpac's Storm Sentinel brand adjustable catch basin

28   inserts, of U.S. Pat. No. 7,771,591 ("the '591 patent"), which was issued to Lucas, and

ORDER - 1

seeking declaratory judgment of invalidity and/or unenforceability of the '591 patent, as well as alleging a claim for violations of the Lanham Act. Dkt. 1. Also on January 7, 2011, Enpac filed its motion for preliminary injunction. Dkt. 2. Enpac personally served Defendants with copies of the summons, complaint, and motion for preliminary injunction on January 10, 2011. Dkts. 8 & 9. On January 19, 2011, Lucas emailed Enpac's counsel acknowledging the suit, the parties, and included her current contact information. Dkt. 34 at. 4. Defendants did not file an answer to the complaint, and on February 4, 2011, Enpac filed a motion for an order of default (Dkt. 12), which the clerk entered on February 7, 2011. Dkt. 14. Defendants also failed to respond to the motion for preliminary injunction, and the Court granted the motion on February 8, 2011. Dkt. 16.

On March 1, 2011, Defendants filed a motion for preliminary injunction. Dkt. 19. On March 31, 2011, the Court issued an order in which it notified Defendants that if they wished to proceed in defending this case they had to file a motion to set aside the default. Dkt. 26. On April 8, 2011**,** the Court issued an order concluding that because default was entered, Defendants' motion for preliminary injunction (Dkt. 19) was terminated. Dkt. 27.

On April 19, 2011, Lucas filed a motion to set aside the entry of default. Dkt. 30. On April 28, 2011, Enpac responded. Dkt. 31. On May 5, 2011, Defendants filed two declarations in support of Lucas's motion to set aside default. Dkts. 34 & 35. On May 15, 2011, Defendants filed a demand for jury trial and a document captioned "New Evidence." Dkt. 36.

Also on April 28, 2011, Enpac filed a motion for judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. 33. Defendants did not respond to Enpac's motion for judgment by default. On May 19, 2011 Enpac replied to the filings submitted by the Defendants subsequent to Enpac's motion. Dkt. 37.

ORDER - 2

**II.  DISCUSSION**

**A.      Motion To Set Aside Default**

**1.      Standing**

A business entity, except a sole proprietorship, must be represented by counsel. Local Rules W.D. Wash. GR 2(g)(4)(b); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (holding that artificial entities such as corporations, partnerships or associations may appear in the federal courts only through licensed counsel).

Here, while Lucas may represent herself, Stormwater must be represented by licensed counsel. To date, no attorney has appeared on behalf of Stormwater. Therefore, the Court requires Stormwater to have counsel file a notice of appearance by June 10, 2011, or the Court may enter default judgment for failure to comply with Local General Rule 2(g). Accordingly, the Court will consider the instant motion only as it pertains to Lucas individually.

**2.      Rule 55 (c) Analysis**

Lucas moves the Court to set aside the default entered on March 31, 2011. Dkt. 30. Enpac maintains that because Lucas has failed to show good cause, the Court should deny the motion. Dkt. 31.

The Ninth Circuit considers judgment by default a drastic step appropriate only in extreme circumstances and is committed to the maxim that a case should, whenever possible, be decided on the merits. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1089 & 1091 (9th Cir. 2010). An entry of default may be set aside for good cause. Fed. R. Civ. P. 55 (c). "To determine good cause, a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party."

1    *Id.* at 1091 (quoting *Franchise Holding II v. Huntington Rests. Group, Inc*., 375 F.3d

2    922, 925-26 (9th Cir. 2004)).

3        The movant has the burden of demonstrating that these factors favor setting aside

4    the default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The

5    Ninth Circuit's rules for determining when a default should be set aside, however, "are

6    solicitous towards movants, especially those whose actions leading to the default were

7    taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089 (internal

8    citation omitted). Setting aside an entry of default is a discretionary decision. *Id.* at 1091.

9            **a.    Culpability**

10       "A defendant's conduct is culpable if he has received actual or constructive notice

11   of the filing of an action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092

12   (quoting *TCI Group*, 244 F.3d at 697). Accordingly, "to treat a failure to answer as

13   culpable, the movant must have acted with bad faith, such as an 'intention to take

14   advantage of the opposing party, interfere with judicial decision making, or otherwise

15   manipulate the legal process.'" *Id*. Neither a conscious choice not to answer nor

16   carelessness is sufficient to treat failure to reply as inexcusable, at least without a

17   demonstration that other equitable factors, such as prejudice, weigh heavily in favor of

18   denial of the motion to set aside a default. *Id.* Additionally, because it is not unusual, "in

19   the case of a layman acting without the help of a lawyer," for the facts to show that a

20   defendant is ignorant of the law and unable to understand correctly a defendant's legal

21   obligations simply by reading and synthesizing the information in the legal documents he

22   or she receives, the Ninth Circuit considers whether the movant had the benefit of counsel

23   a significant factor. *Id.* at 1093.

24       Here, Lucas is not a lawyer and is proceeding pro se. The facts before the Court

25   also demonstrate that she may be ignorant of the law and may not understand her legal

26   obligations. For example, she repeatedly indicates that she believed she "answered" the

complaint when she emailed opposing counsel acknowledging the suit and the parties, and included her current contact information. *See e.g.*, Dkt. 34 at 4. This is not a proper answer pursuant to Rule 8 or proper response pursuant to Rule 12. Fed. R. Civ. P. 8(b) & 12.

There are no facts before the Court that indicate Lucas intended to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. Therefore, the Court cannot conclude that Lucas acted with the requisite bad faith to establish that Lucas's failure to answer was intentional or that her conduct was culpable.

### b.    Meritorious Defense

All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation is true" is not to be determined by the Court when it decides the motion to set aside the default. *Mesle,* 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Here, Lucas has alleged that she owns the disputed patent and alleges facts regarding the validity of the patent, its acquisition and scope. *See* Dkts. 30, 34 & 35. Therefore, the Court finds that these allegations are sufficient to meet this minimal burden of a meritorious defense.

### c.    Prejudice

To be prejudicial, the setting aside of a judgment must hinder a plaintiff's ability to pursue his or her claim. *TCI Group*, 244 F.3d at 701. It must result in greater harm than mere delay; it "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Here, Enpac maintains that setting aside the judgment will cause it to spend additional time or resources. Dkt. 31 at 4. This harm, however, does not hinder Enpac's

ability to pursue its claim. Thus, the Court concludes that setting aside the entry of default will not prejudice Enpac. Additionally, the preliminary injunction remains in place to protect Enpac, and Defendants are still enjoined from representing or implying that any products sold by Enpac infringe any claims of the '591 patent. Dkt. 16.

### d.    Conclusion and Notice

All three factors in the "good cause" analysis for setting aside a default under Rule 55(c) favor Lucas, particularly because Lucas is acting without the benefit of legal representation. The Court notes, however, the importance of adhering to the Federal Rules of Civil Procedure and the efficient administration of justice. Fed. R. Civ. P. 1. Therefore, the Court requires the Defendants to hereforth comply with the Federal Rules of Civil Procedure and Court rules or face judgment by default. Specifically:

1.    Stormwater must comply with Local Rule GR 2(g)(4)(b) by June 10, 2011. Failure to comply may result in the entry of default judgment; and

2.    Lucas and Stormwater must respond to Enpac's complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure no later than June 17, 2011. Failure to comply may result in entry of default and/or default judgment.

## B.    Motion for Judgment by Default

Judgment by default is appropriate only in extreme circumstances because a case should, whenever possible, be decided on the merits. *Mesle*, 615 F.3d at 1089.

Because the Court has set aside the default as to Lucas, granting judgment by default would be improper. On the other hand, if Stormwater fails to comply with the Local General Rules, the Court will consider entering default judgment. Therefore, the Court concludes that the motion for default judgment as to Lucas should be denied and that it should be renoted as to Stormwater.

ORDER - 6

1

**III.  ORDER**

2
Therefore, it is hereby **ORDERED** that:

3
(1)      Lucas's motion to set aside the default (Dkt. 30) against her is

4
**GRANTED**; and

5
(2)      Enpac's motion for default judgment (Dkt. 33) is **DENIED** without

6
prejudice as to Lucas and the motion is **RENOTED** as to Stormwater for

7
June 10, 2011.

8
DATED this 1st day of June, 2011.

9

10

11
BENJAMIN H. SETTLE
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 7