UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENPAC, LLC,

          Plaintiff,

    v.

CHASSIDY F. LUCAS and CB STORMWATER[1],

          Defendants.

CASE NO. C11-37BHS

ORDER GRANTING STORMWATER'S MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AS TO CB STORMWATER

This matter comes before the Court on Defendant CB Stormwater's ("Stormwater") motion to set aside default (Dkt. 40) and on Plaintiff Enpac, LLC's ("Enpac") motion for judgment by default (Dkt. 33). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to set aside default and denies Enpac's motion as to Stormwater for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 31, 2011, Stormwater filed a motion to set aside default (Dkt. 40). On June 1, 2011, the Court granted Defendants' motion to set aside default as to Lucas. Dkt. 38. On June 8, 2011, Defendants filed a notice of appearance on behalf of Stormwater.

---

[1] While the motion was originally filed on behalf of CB Stormwater LLC, CB Stormwater has reorganized as a sole proprietorship.

ORDER - 1

Dkt. 41. For a more detailed discussion of the procedural history see the Court's prior order. Dkt. 38.

## II.  DISCUSSION

**A.  Motion To Set Aside Default**

   **1.  Standing**

A business entity, except a sole proprietorship, must be represented by counsel. Local Rules W.D. Wash. GR 2(g)(4)(b); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)(holding that artificial entities such as corporations, partnerships or associations may appear in the federal courts only through licensed counsel).

Here, in order to comply with this rule, Defendants filed a notice of appearance on behalf of Stormwater and indicated that the business is now registered as a sole proprietorship. Dkt. 41. Therefore, according to Local General Rule 2(g), Stormwater may proceed pro se, and the Court will now consider its motion to set aside default. Dkt. 40.

   **2.  Rule 55(c) Analysis**

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55 (c). "To determine good cause, a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *Id.* at 1091 (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).

As Stormwater is proceeding pro se, the Court may now consider its motion to set aside default (Dkt. 40) and Enpac's motion for default judgment (Dkt. 33) as it pertains to Stormwater. Accordingly, for the reasons set out in its prior order, the Court finds that all

three factors in the "good cause" analysis for setting aside a default under Rule 55(c) equally favor Stormwater. See Dkt. 38 at 3-6.

**B.     Motion for Judgment by Default**

Judgment by default is appropriate only in extreme circumstances because a case should, whenever possible, be decided on the merits. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010).

Because the Court has set aside the default as to Stormwater, granting judgment by default would be improper. Therefore, the Court concludes that the motion for default judgment as to Stormwater should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

(1)     Stormwater's motion to set aside the default (Dkt. 40) against it is **GRANTED**; and

(2)     Enpac's motion for default judgment (Dkt. 33) is **DENIED** without prejudice as to Stormwater.

DATED this 30th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge