UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENPAC, LLC,

          Plaintiff,

    v.

CHASSIDY F. LUCAS, et al.,

          Defendants.

CASE NO. C11-0037BHS

ORDER GRANTING ENPAC'S MOTION TO DISMISS

This matter comes before the Court on Plaintiff Enpac, LLC's ("Enpac") motion to dismiss counterclaim (Dkt. 48). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 7, 2011, Enpac filed a complaint against Defendants CB Stormwater, LLC, and Chassidy F. Lucas ("Defendants") for declaratory judgment of patent invalidity and non-infringement and for violations of the Lanham Act, 15 U.S.C. § 1051, *et seq*. Dkt. 1. On June 30, 2011, Defendants filed a document entitled "Counterclaim." Dkt. 46.

On July 14, 2011, Enpac filed a motion to dismiss Defendants' counterclaim. Dkt. 48. Defendants did not respond.

## II. DISCUSSION

First, the Court may consider a party's failure to respond to a motion as an admission that the motion has merit. Local Rule 7(b)(2). In this case, Defendants have

ORDER - 1

failed to respond to Enpac's motion. Therefore, the Court will consider Defendants' failure as an admission that Enpac's motion has merit.

Second, in asserting a counterclaim, a party must provide a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. The Supreme Court has held that a party must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim does not satisfy the pleading requirements by making "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, Enpac argues that Defendants' counterclaim fails to satisfy any pleading requirement. Dkt. 48 at 1-4. The Court agrees. Therefore, the Court grants Enpac's motion.

Finally, Enpac requests that the Court set a scheduling conference before the Court to avoid certain challenges in communicating with Defendants regarding the joint status report. Dkt. 48 at 4. The Court finds that there is no need to depart from the normal practice of submitting a joint status report without an in-person scheduling conference. If a party fails to cooperate in preparing the joint status report, Enpac may file an ex parte status report detailing the reasons why the parties were unable to cooperate.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Enpac's motion to dismiss counterclaim (Dkt. 48) is **GRANTED** and Defendants' counterclaim (Dkt. 46) is **DISMISSED**.

DATED this 1st day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge