UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENPAC, LLC,

          Plaintiff,

    v.

CHASSIDY F. LUCAS, et al.,

          Defendants.

CASE NO. C11-0037BHS

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Defendant Chassidy Lucas's ("Lucas") motion for a preliminary injunction (Dkt. 69). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 27, 2011, Plaintiff Enpac, LLC ("Enpac") filed a complaint for declaratory judgment of patent invalidity, non-infringement, and violations of the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. Dkt. 1. Enpac seeks a declaratory judgment that its product does not infringe any claims of United States Patent No. 7,771,591, which was issued to Lucas. *Id*.

On February 8, 2012, Lucas filed a document entitled "Declaration of Chassidy F. Lucas in Support of Additional Damages and Motion Request for Injunction." Dkt. 69. The Court construed the document as a motion for a preliminary injunction and noted it accordingly. On February 27, 2012, Enpac responded. Dkt. 72. On February 29, 2012, Lucas replied. Dkt. 74.

ORDER - 1

## II.  DISCUSSION

The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1137–38 (9th Cir. 2011); *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).  A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor.  *Alliance*, 632 F.3d at 1137–38.

In this case, Enpac argues that, among other significant deficiencies, Lucas's motion fails to "address any of the factors that might support the granting of an injunction."  Dkt. 72 at 2.  The Court agrees.  Moreover, after review of both the motion and Lucas's reply, Lucas's conclusory allegations are vague and unorganized to the extent that the Court is unable to ascertain what conduct Lucas seeks to have enjoined.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Lucas's motion for a preliminary injunction (Dkt. 69) is **DENIED** because Lucas has failed to meet the burden for a preliminary injunction.

DATED this 21st day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2