UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENPAC, LLC,

              Plaintiff,

   v.

CHASSIDY F. LUCAS d/b/a CB STORMWATER,

              Defendants.

CASE NO. C11-0037BHS

ORDER AMENDING PRELIMINARY INJUNCTION AND DENYING DEFENDANTS' MOTION

     This matter comes before the Court on Defendants CB Stormwater, LLC[1], and Chassidy F. Lucas's ("Lucas") motion for declaratory judgment, summary judgment, dismissal, and default (Dkt. 88) and the Court's order to show cause (Dkt. 97). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On January 7, 2011, Enpac filed a complaint against Lucas for declaratory judgment of patent invalidity and non-infringement and for violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.* Dkt. 1.

     Enpac also filed a motion for a preliminary injunction. Dkt. 2. On January 14, 2011, Enpac filed affidavits of service showing that both the complaint and the motion

---

[1] Subsequent to the filing of this action, CB Stormwater LLC was dissolved and Chassidy Lucas is conducting the business as a sole proprietorship under the name CB Stormwater. *See* Dkt. 63.

ORDER - 1

were served on Defendants. Dkts. 7 & 8. Lucas failed to respond to the motion. On February 4, 2011, Enpac replied. Dkt. 11. On February 8, 2011, the Court granted the motion and ordered that "Defendants are **ENJOINED** from representing or implying that any products sold by Enpac infringe any claims of [Lucas's] patent." Dkt. 16 at 2 (emphasis in original).

On March 6, 2012, Enpac filed a motion for contempt. Dkt. 80. On April 9, 2012, the Court denied the motion, but ordered Lucas to "show cause why the preliminary injunction should not be amended to prevent Lucas from contacting any of Enpac's distributors or customers." Dkt. 99. Lucas filed a response that same day. Dkt. 100. On April 11, 2012, Enpac responded. Dkt. 101. Lucas filed a reply that same day. Dkt. 102.

On March 10, 2012, Lucas filed a brief entitled "Motion Request for Declaratory Judgement, Summary Judgment, Dismissal, and Default." Dkt. 88. On March 23, 2012, Enpac responded. Dkt. 97.

## II.  FACTUAL BACKGROUND

Enpac asserts that, on February 28, 2012, Lucas contacted New Pig Corporation of Tipton, Pennsylvania ("New Pig"). Dkt. 83, Declaration of Tracey Weyandt ("Weyandt"), ¶ 2. Ms. Weyandt, a New Pig customer service representative, claims that she answered a phone call from Lucas. *Id*. On February 29, 2012, Ms. Weyandt sent an email stating that Lucas threatened to sue New Pig for advertising Enpac's products on its website. *Id*., ¶ 4.

Lucas concedes that she contacted New Pig, but declares that she only inquired as to whether Enpac's product was available for sale. Dkt. 86, ¶ 11.

## III.  DISCUSSION

### A.  Lucas's Motion

Although Lucas moves for both dismissal of Enpac's claims and affirmative relief of a declaratory judgment, Lucas fails to cite a single rule or law in support of theses

ORDER - 2

requests. Moreover, Lucas fails to meet the burden for any dispositive motion. *See* Fed. R. Civ. P. 12 & 56. Therefore, the Court denies Lucas's motion.

**B.  Preliminary Injunction**

In response to the Court's order to show cause, Lucas confuses the issue of protecting her patent with the issue of contacting Enpac's specific distributors. To be clear, the Court is not enjoining Lucas from enforcing her rights under the patent laws. However, for the course of this proceeding, the Court is enjoining Lucas's contact with the distributors and sellers of Enpac's products. Therefore, the Court amends and expands the preliminary injunction. Lucas is hereby informed that failure to comply with the foregoing preliminary injunction may result in contempt of Court and monetary sanctions.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Lucas's motion for declaratory judgment, summary judgment, dismissal, and default (Dkt. 88) is **DENIED** and the preliminary injunction (Dkt. 16) is amended as follows:

"Defendants are **ENJOINED** from representing or implying that any products sold by Enpac infringe any claims of [Lucas's] patent and from contacting any distributor or seller of Enpac's products."

DATED this 20th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge