UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENPAC, LLC,

        Plaintiff,

    v.

CHASSIDY F. LUCAS, individually and d/b/a CB Stormwater, a Washington sole proprietorship,

        Defendant.

CASE NO. C11-37 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND ORDERING DEFENDANT TO SHOW CAUSE

This matter comes before the Court on Enpac, LLC's, ("Enpac") motion to compel (Dkt. 114) and motion for sanctions (Dkt. 125). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for sanctions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 7, 2011, Enpac filed a complaint against Defendants Chassidy Lucas ("Defendant") and a limited liability corporation, which Defendant has dissolved and now operates as a sole proprietorship. Dkt. 1. Enpac asserted three causes of action: (1)

ORDER - 1

request for declaratory judgment that Enpac's products do not infringe U.S. Pat. No. 7,771,591 (hereinafter "the '591 patent"), which was issued to Defendant; (2) request for declaratory judgment that the '591 patent is invalid and/or unenforceable; and (3) violations of the Lanham Act, 15 U.S.C. § 1051, *et seq*. *Id*.

On May 3, 2012, Enpac filed a motion to compel discovery. Dkt. 114. Defendant did not file a timely response. On May 18, 2012, Enpac replied. Dkt. 117. On May 30, 2012, Defendant filed a response. Dkt. 120. On May 31, 2012, Enpac objected to Defendant's late response (Dkt. 121), and Defendant responded to Enpac's objection (Dkt. 122).

On June 21, 2012, Enpac filed a motion for sanctions. Dkt. 125. On July 2, 2012, Defendant responded. Dkt. 127. On July 5, 2012, Enpac replied. Dkt. 129. On July 7, 2012, Defendant filed another response. Dkt. 130.

## II. FACTUAL BACKGROUND

On February 10, 2012, Enpac served Enpac's First Set of Interrogatories, Enpac's First Requests for Production and Enpac's First Requests for Admission on Defendants by mailing the same via First Class U.S. Mail to the mailing address that, at the time, Defendants had most recently provided to the Court for service. Dkt. 115, Fifth Declaration of Randolph Digges, ¶ 3. On March 8 and 9, 2012, after Defendant informed Enpac's counsel that these discovery requests were not received, Enpac provided electronic versions of the requests. *Id*., ¶¶ 5, 6.

Defendant responded to the requests by email and attached four documents. *Id*., Exhs. 2–5. Enpac informed Defendant that the responses were inadequate. After

1  Defendant's repeated refusal to confer and threats of suing (*id*., Exhs. 7 & 8), Enpac filed

2  its motion to compel.

3        On June 4, 2012, Enpac's attorney, Randolph Digges, sent Defendant an email

4  indicating that the previously discussed deposition of Defendant would commence at

5  10:00 a.m. on June 15, 2012 at Capitol Pacific Reporting, Inc., 901 South I Street, Suite

6  202, Tacoma, Washington 98405. Dkt. 126, Sixth Declaration of Randolph Digges, ¶ 5.

7  Attached to the email was a Notice of Deposition subpoena. *Id*., Exh. 4.

8        On June 15, 2012, Defendant did not attend the deposition. *Id*., ¶ 16.

9  ### III. DISCUSSION

10        If a party fails to respond to discovery requests, the opposing party may file a

11  motion to compel production. Fed. R. Civ. P. 37. Evasive or incomplete disclosure must

12  be treated as a failure to respond. *Id*. If a party fails to attend its own deposition, then,

13  upon motion, the Court may impose sanctions up to and including entry of default

14  judgment against the party who failed to attend the deposition. Fed. R. Civ. P. 37.

15        In this case, there is no dispute that Defendant both failed to respond to discovery

16  requests and did not attend the scheduled deposition.[1] Therefore, the Court grants

17  Enpac's motions and will impose sanctions. The Court is considering entering the

18  sanction of an entry of default judgment for Enpac. The Court finds that Defendant has

19  asserted no legitimate reason for the discovery violations and that the imposition of less

20

21        [1] In fact, Defendant used the scheduled deposition to serve opposing attorneys with a new lawsuit, which has been found to be frivolous and dismissed *sua sponte*. *See Lucas v. Bomsztyk*,
22  Western District of Washington Cause No. 3:12-cv-05487-BHS (2012).

drastic sanctions will not result in resolution of this action on the merits. For example, requiring Enpac's counsel to attend another deposition may only give Defendant the opportunity to serve them with another frivolous lawsuit. In light of the severity of the Court's proposed sanction, the Court will allow Defendant an opportunity to show cause why the failure to respond to discovery or to attend the deposition was not willful disobedience. Depending on Defendant's response, the Court may order the entry of default judgment against Defendant. If Defendant fails to respond, the Court will order the entry of default judgment against Defendant.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Enpac's motion for sanctions is **GRANTED**. Defendant must show cause as requested herein no later than July 27, 2012. If the Court does not enter default judgment, the Court will issue a ruling on the motion to compel.

Dated this 20th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge